**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NELSON VASQUEZ (#R20423),   )
                            )
           Petitioner,      )
                            )   Case No. 15 C 7819
      v.                    )
                            )
KESS ROBERSON, Warden, Lincoln )
Correctional Center,        )
                            )
           Respondent.      )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

On August 29, 2015, pro se Petitioner Nelson Vasquez placed in the prison mail system the present petition for a writ of habeas corpus under 28 U.S.C. § 2254(d). Before the Court is Respondent's motion to dismiss Vasquez's habeas petition as untimely. *See* 28 U.S.C. § 2244(d)(1). For the following reasons, the Court grants Respondent's motion to dismiss and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). The Court dismisses this action in its entirety.[1]

## PROCEDURAL BACKGROUND

On August 1, 2011, following a bench trial, a Cook County Circuit Court judge convicted Vasquez of aggravated battery with a firearm and sentenced him to ten years imprisonment, along with a $200 system fee. Vasquez appealed his conviction and, on November 13, 2013, the Illinois Appellate Court, First District, affirmed Vasquez's aggravated battery conviction, but vacated the assessed fee. Vasquez did not file a petition for leave to appeal ("PLA") to the

---

[1] Petitioner's reply brief was due on or before January 15, 2016. To date, Petitioner has failed to file any such reply.

Supreme Court of Illinois. On April 10, 2014, Vasquez filed a petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.* On June 20, 2014, the Circuit Court judge dismissed Vasquez's post-conviction petition. Vasquez did not appeal this decision. On August 29, 2015, Vasquez placed in the prison mail system the present petition for a writ of habeas corpus. *See Taylor v. Brown,* 787 F.3d 851, 859 (7th Cir. 2015) (mailbox rule applies to petitions for federal writs of habeas corpus). Construing his pro se habeas petition liberally, *see Smith v. Dart,* 803 F.3d 304, 309 (7th Cir. 2015), Vasquez brings the following claims: (1) the State failed to prove him guilty beyond a reasonable doubt; (2) the State presented perjured and false testimony; and (3) trial counsel provided ineffective assistance of counsel.

## LEGAL STANDARD

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 179 L.Ed. 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015). The one year period runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D)).

## ANALYSIS

### I. Finality of Judgment

As a starting point, the Court turns to the date upon which Vasquez's judgment became final under 28 U.S.C. § 2244(d)(1)(A). *See Gonzalez v. Thaler*, ___ U.S. ___ 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012) (conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review"). The Illinois Appellate Court affirmed Vasquez's aggravated battery conviction on November 13, 2013 and Vasquez did not file a PLA with the Supreme Court of Illinois seeking review of that ruling. Under Illinois law, Vasquez had 35 days to file his PLA. *See* Ill.Sup.Ct.R. 315(b); *Griffith v. Rednour,* 614 F.3d 328, 329 (7th Cir. 2010). Accordingly, Vasquez's conviction became final on December 18, 2013 – which was 35 days after the Illinois Appellate Court affirmed his conviction. Therefore, absent statutory or equitable tolling, Vasquez had until December 18, 2014 to file a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). Because Vasquez filed his habeas petition after December 18, 2014, the Court turns to whether any tolling provisions apply.

### II. Statutory Tolling

The limitations period is tolled during the pendency of a properly filed application for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *Socha v. Boughton,* 763 F.3d 674, 678 (7th Cir. 2014); *Obriecht v. Foster,* 727 F.3d 744, 748 (7th Cir. 2013). Here, Vasquez filed his petition for post-conviction relief under Illinois' Post-Conviction Hearing Act on April 10, 2014, and the Circuit Court judge dismissed it on June 20, 2014. The limitations period ran for 112 days before Vasquez filed his post-conviction petition on April 10, 2014. Thereafter, the

3

limitations period was tolled for 71 days – from April 10, 2014 through June 20, 2014 – during the pendency of his post-conviction petition. After the Circuit Court dismissed the post-conviction petition, the limitations period began to run on June 21, 2014 and expired on March 2, 2015, including the 112 days that ran before Vasquez filed his post-conviction petition. Because Vasquez filed the present habeas petition on August 29, 2015, his petition is untimely by over five months.

Vasquez's habeas claims do not involve newly recognized constitutional rights or depend on facts that could not have been discovered earlier. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Also, Vasquez does not maintain that there was a state impediment preventing him from filing his habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B); *Moore v. Battaglia,* 476 F.3d 504, 506 (7th Cir. 2007). Because these statutory tolling provisions do not apply, the Court considers whether equitable tolling applies under the circumstances.

## III. Equitable Tolling

Although the one-year limitations period is subject to equitable tolling, federal courts will only allow equitable tolling if extraordinary circumstances beyond the petitioner's control prevented the timely filing of his habeas petition. *See Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed. 2d 130 (2010); *see also McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 1931, 185 L.Ed.2d 1019 (2013). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance prevented timely filing. *See Gladney,* 799 F.3d at 894-95. "Equitable tolling is an extraordinary remedy" and "is rarely granted." *Obriecht*, 727 F.3d at 748.

4

Vasquez does not offer any explanation as to why his habeas petition is late.  Moreover, it is well-established that the "[l]ack of familiarity with the law [] is not a circumstance that justifies equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 811-12 (7th Cir. 2013).  Similarly, a habeas petitioner's pro se status or lack of legal training does not entitle him to equitable tolling.  *See Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) ("lack of legal expertise is not a basis for invoking equitable tolling"); *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) (pro se status does not toll limitations period).  Thus, even if Vasquez asserted that he was unfamiliar with Illinois appellate or post-conviction procedure, any such argument would not toll the limitations period.

Indeed, nothing in the record indicates that extraordinary circumstances prevented Vasquez from complying with the one-year limitations period.  *See Holland,* 130 S.Ct. at 2560.  Because Vasquez has not established that equitable tolling applies, his habeas petition is untimely under § 2244(d)(1).

**IV.     Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Accordingly, the Court must determine whether to grant Vasquez a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present order. *See Gonzalez*, 132 S.Ct. at 649 n.5.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability.  *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Socha,* 763 F.3d at

682. Moreover, a habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 (7th Cir. 2015). Under this standard, Vasquez must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

As the Seventh Circuit has held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) (collecting cases); *see also West v. Schneiter,* 485 F.3d 393, 395 (7th Cir. 2007) ("questions of statutory interpretation, such as whether the petition was timely, do not qualify for a certificate, because they do not concern the Constitution"). As such, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court grants Respondent's motion to dismiss Vasquez's habeas petition as untimely under 28 U.S.C. § 2244(d)(1) and dismisses this action in its entirety. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** January 26, 2016

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**

6